# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-cv-2002-BAS-JMA |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO SUPPRESS** |
| v. | **[ECF No. 11]** |
| $52,100 in U.S. CURRENCY, *et al*., | |
| Defendants. | |

On September 29, 2017, the United States filed a Complaint seeking the forfeiture of currency seized during a search undertaken pursuant to a search warrant, and during which marijuana was also seized. (ECF No. 1.) Henry and Kathy Sayavong ("Claimants") have filed a claim alleging that the $52,100 seized from their home was not drug proceeds. (ECF No. 5.)

Claimants in this case bring a Motion to Suppress all evidence seized from their bedroom during execution of the search warrant, including the cash, alleging: (1) the search warrant contained misleading statements or omissions; (2) the search warrant was overbroad; (3) the agents executing the search warrant exceeded the scope of the warrant; and requesting an evidentiary hearing on these issues. (ECF

No. 11.)  The Government opposes.  (ECF No. 16.)[1]  For the reasons stated below, the Court denies the Motion to Suppress and the Request for an Evidentiary Hearing.  (ECF No. 11.)

I.    **STATEMENT OF FACTS**[2]

On April 20, 2017, California Superior Court Judge Frederick Maguire signed a warrant for the search of a residence located at 4741 Wendell Street, San Diego, CA 92105 based "substantial probable cause" shown in an affidavit by Postal Inspector David Jones.  (ECF No. 11-2 Ex. B.)  The affidavit indicated that parcels were being shipped to a Post Office Box in Spring Valley rented to Karen Sundara.  Ms. Sundara's California Driver's License listed a residential address of 4741 Wendell Street in San Diego.  (*Id.* Ex. C.)

On March 13, 2017, a woman who appeared on video to be Karen Sundara mailed a package to North Carolina which proved to contain 6.5 pounds of marijuana.  On April 11, 2017, a woman driving a black BMW shipped a package to 35 Madison in Auburn, New York, which proved to hold 3.3 pounds of marijuana.  Several parcels had been delivered from 35 Madison, Auburn, New York to 4741 Wendell Street, San Diego, California.

On April 12, 2017, a parcel was mailed to 4741 Wendell Street with $5,700 in currency.  On April 18, 2017, agents saw a woman leave the residence at 4741

---

[1] Claimants move to strike pages 11–25 of the Government's response since it fails to comply with Local Rules for the Southern District of California.  Rule 7.1(h) limits opposition briefs to 25 pages and requires briefs over 10 pages to have a table of contents and table of authorities. Claimants are correct.  The Government has violated the Local Rules.  Furthermore, the first 16 pages of the Government's Response largely details facts that are nowhere in the record.  Therefore, as discussed below, this Court relies solely on the facts detailed in Claimants' Exhibits attached to their Motion.

[2] Facts are all taken from the Search warrant and affidavit attached as Exhibits B and C to the Claimants' Motion.  (ECF No. 11-2 Exs. B, C.)

Wendell Street, place a package into the back of a black BMW, and then mail the package at a Lemon Grove post office. The package held 9 pounds of marijuana. The black BMW was registered to Kathy Sayavong (one of the claimants in this case) at 4741 Wendell Street, San Diego, California.

The warrant that issued based on these facts permitted a search of: (1) "the premises and all parts therein, including all rooms, . . . safes, . . . located at **4741 Wendell St San Diego, City of San Diego, 92105, County of San Diego**" and (2) "all vehicles parked at or near the premises which can be identified as being associated with this location . . . including **a black 2008 BMW 4-door sedan** . . . **registered to Kathy Sayavong 4741 Wendell St San Diego, CA 92015**. . ." (ECF No. 11-2 Ex. B (emphasis in original).) In relevant part, the warrant permitted seizure of "items evidencing the obtaining, secreting, transfer, . . . and/or related to the transportation, ordering, purchase and distribution of controlled substances; proceeds from the sales of controlled substances and/or marijuana, including United States currency . . ." (*Id.* ¶6.)

Officers conducted a search pursuant to the warrant on April 21, 2017. After searching other rooms in the residence, the officers entered the bedroom belonging to the Claimants, where the officers discovered a safe in the closet. Among other items, the officers found and seized a Haines plastic packaging bag contained mixed U.S. currency totaling $52,100.00.

The Government brought suit on September 29, 2017, seeking forfeiture of Defendants $5,700.00 and $52,100 in U.S. Currency as money furnished or intended to be furnished in exchange for a controlled substance, in violation of Chapter 13 of Title 21 of the United States Code. (ECF No. 1.) A warrant *in rem* was issued as to the Defendants, which was executed. (ECF Nos. 4, 7.) The Sayavongs answered the complaint on October 12, 2017 and claimed ownership over Defendant $52,100 in U.S. Currency under Rule 5(G). (ECF Nos. 5; 5-2.) Nearly two months later, the Sayavongs moved to suppress Defendant $52,100.00, the instant motion before the

Court. The Court now rules on that motion.

## II. LEGAL STANDARD

The procedures to be used for a civil forfeiture action are set out in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. §§981, *et seq.*, Rules C, E, and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Federal Rules of Civil Procedure. Under CAFRA, a challenge to the legality of an asset seizure based upon Fourth Amendment protections may be brought under Supplemental Rule G(8)(a). *United States v. $50,040*, No. C 06-4522 WHA, 2007 WL 1176631 (N.D. Cal. Apr. 20, 2007) ("Challenges to the legality of the seizure—whether there is probable cause to believe the property is subject to forfeiture at time of seizure—are brought pursuant to a motion to suppress under Rule G(8)(a), not a motion to dismiss."). Rule G(8)(a) provides, "[i]f the defendant property was seized, a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence."

A motion to suppress brought by a claimant in a civil forfeiture proceeding is akin to one brought by a defendant in a criminal case. *See One 1958 Plymouth Sedan v. Pa.*, 380 U.S. 693, 696–702 (1965) (holding that the Fourth Amendment is applicable to forfeiture proceedings); *see also* Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. §981(b)(2)(B) (requiring that seizures be made pursuant to a warrant or based upon probable cause and pursuant to a lawful arrest or search). As such, the exclusionary rule applies in civil forfeiture cases. *One 1958 Plymouth Sedan*, 380 U.S. at 702; *United States. v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008). The rule "bars the admission of evidence obtained in violation of the U.S. Constitution, as well as 'fruits of the poisonous tree.'" *$493,850.00 in U.S. Currency*, 518 F.3d at 1164. "[U]nder the 'fruits of the poisonous tree' doctrine, evidence obtained subsequent to a violation of the Fourth Amendment is tainted by the illegality and is inadmissible . . . ." *Id.* at 1164–65 (quoting *United States v. Washington*, 490 F.3d 765, 774 (9th Cir. 2007)).

## III. DISCUSSION

The Sayavongs contend that they were subject to an unreasonable search and seizure as the underlying warrant was unconstitutionally overbroad because it and the supporting affidavit failed to identify the Sayavongs as the homeowners and current residents of the Wendell property. (ECF No. 11-1 at 6.) They further contend that because of these omissions, there was no factual basis to support probable cause adverse to them.

The legal basis of the Sayavongs' claim is all too familiar. The Fourth Amendment establishes "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches seizures." U.S. Const. amend. IV. A search occurs when the government physically intrudes upon one of these enumerated areas, or invades a protected privacy interest, for the purpose of obtaining information. *Patel v. City of Los Angeles*, 738 F.3d 1058, 1061 (9th Cir. 2013) (citation omitted). By its terms, the Amendment "prohibits only unreasonable searches." which turns on the totality of the circumstances, including "the nature and purpose of the search and the extent to which the search intrudes on reasonable privacy expectations." *Grady v. N. Carolina*, 135 S. Ct. 1368, 1371 (2015). A search and seizure is *per se* unreasonable "unless it is accomplished pursuant to a judicial warrant" that comports with the Warrant Clause of the Fourth Amendment. *See Horton v. California*, 496 U.S. 128, 133 (1990).

The Warrant Clause in turn requires "probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized" to justify the issuance of a search warrant. U.S. Const. amend. IV. Probable cause means that, based on all the circumstances in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Where officials have a warrant to search, a court will uphold the validity of the search warrant so long as the Court finds that "the issuing magistrate had a substantial basis for finding probable cause." *United States v. Jennen*, 956 F.3d 594,

598 (9th Cir. 2010). If the search warrant is for a residence, the issuing judge "must find a 'reasonable nexus' between the contraband sought and the residence." *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002). The issuing judge may rely on the training and experience of the affiant police officers. *Id.* "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *United States v. Adjani*, 452 F.3d 1140, 1146 (9th Cir. 2006). When the results of a warrant-based search are challenged in a motion to suppress, the party seeking suppression bears the burden of demonstrating that the search was unreasonable under the Fourth Amendment. *See United States v. Ankeny*, 502 F.3d 829, 836 (9th Cir. 2007).

There is no question here that the search of the Sayavongs' residence was conducted pursuant to a valid warrant. "A search warrant for the entire premises of a single family residence is valid, notwithstanding the fact that it was issued based on information regarding the alleged illegal activities of one of several occupants of the residence." *United States v. Ayers*, 924 F.2d 1468, 1480 (9th Cir. 1991); *see also Hart v. Benton Cty. Sheriff's Office*, 654 Fed. App'x 270, 275 (9th Cir. 2016) (same). The Ninth Circuit in *Ayers* upheld the search despite the fact that the parents of the suspect told the officers before searching that the suspect no longer lived at the residence. The officers had no duty to accept the truthfulness of the parents' statements. *Ayers*, 924 F.2d at 1480. Furthermore, the Court upheld a search of the parents' bedroom. The Court rationalized that contraband could conceivably be hidden anywhere in the residence. And, since the most obvious place for police to search would be a drug dealer's bedroom, he might find other portions of the house to be a more secure hiding place. *Id.*; *see also Hart*, 654 Fed. App'x at 275 (despite the fact that the home was used as a boarding house for homeless people, agents reasonably searched the whole house since it was not set up as a multi-unit dwelling with separate residential units, the residents shared common areas, and there was no

indication plaintiffs' rooms were locked or set up as separate living units).

In line with *Ayers*, district courts in the Ninth Circuit have similarly determined that a warrant that is otherwise valid as to one resident of a single family residence does not need to name other family member residents to search the entire premises. *See, e.g., Assenberg v. Cty. of Whitman*, No. 2:14–CV–0145–TOR, 2015 WL 5178032, at *11 (E.D. Wash. Sept 4, 2015) (rejecting Fourth Amendment unlawful search challenge by wife of husband named in valid warrant authorizing search of single family residence); *Fresno Rock Taco, LLC v. Rodriguez*, No. 1:11-cv-00622-LJO-SKO, 2013 WL 844421 (E.D. Cal. Mar. 6, 2013) (rejecting claim that search of plaintiffs' bedrooms exceeded the scope of a valid warrant permitting search of entire home).

The rulings in *Ayers* and its progeny are distinguishable from a situation in which officers accidentally obtain a warrant for multiple apartments, as opposed to a single family residence. However, "[e]ven if a warrant authorizes the search of an entire premises containing multiple units while reciting probable cause as to a portion of the premises only, it does not follow either that the warrant is void or that the entire search is unlawful." *United States v. Gilman*, 684 F.2d 616, 618 (9th Cir. 1982). As long as "the defendant was in control of the whole premises or they were occupied in common, if the entire premises were suspect, or if the multiunit character of the premises was not known to the officers," the warrant is still valid. *Id.*; *see also United States v. Alexander*, 761 F.2d 1294, 1301 (9th Cir. 1985) (warrant authorizing search of entire 40-acre ranch was not overbroad despite the fact that the occupants did not all sleep under the same roof).

Notwithstanding this settled law, the Claimants contend that they are entitled to an evidentiary hearing under *Franks v. Delaware*, 483 U.S. 154 (1978), because the warrant that issued was "intentionally or recklessly drafted with glaring omissions as to [them]." (ECF No. 11-1 at 7–8.) The Court finds that the Claimants have not made the requisite showing and denies the request. "'An evidentiary hearing on a

motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search warrant are in issue.'" *Ayers*, 924 F.2d at 1481 (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)). But bare assertions of falsity or omissions of facts underlying the issuance of a search warrant are insufficient. *United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995) (citing *United States v. Kyllo*, 37 F.3d 526, 529 (9th Cir. 1994)); *United States v. Miller*, 753 F.2d 1475, 1478 (9th Cir. 1985).

In this case, there are no facts submitted to the Court that suggest that there are contested issues of fact going to the validity of the search. The affidavit details evidence that appears to be uncontested by the Claimants including the fact that: (1) Karen Sundara, who mailed packages of marijuana, listed 4741 Wendell Street on her California Driver's License; (2) Karen Sundara was seen leaving 4741 Wendell Street two days before the search warrant was signed; (3) a BMW registered to Kathy Sayavong, one of the claimants, was used on several occasions to transport marijuana to a post office for mailing; (4) this BMW was seen parked outside 4741 Wendell Street; and (5) cash which appeared to be payment for an earlier shipment of marijuana to New York was sent to 4741 Wendell Street. The fact that 4741 Wendell Street was held in the name of Kathy Sayavong and not Karen Sundara was irrelevant to the ultimate fact that there was probable cause to believe contraband would be found at this residence. Similarly, there is no suggestion that the residence at 4741 Wendell Street was a multi-unit apartment. All evidence supports that this was a single family residence and thus the whole premises were occupied in common.

Thus, the Court finds no evidence of misstatements or omissions in the search warrant has been submitted to the court, the search warrant was not overbroad, and the agents executing the search did not exceed the scope of the warrant. Furthermore, to the extent the warrant or execution of the warrant was overbroad, the agents acted in good faith upon a properly issued warrant. *See United States v. Leon*, 468 U.S.

897 (1984).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Suppress evidence (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 13, 2018

Hon. Cynthia Bashant
United States District Judge